(49 Misc. Rep. 652)

### LYONS v. DORF.

(Supreme Court, Appellate Term. February 27, 1906.)

PARTITION—SALE—OPERATION OF DEED.

On the sale of land on partition by heirs, a referee's deed did not trans- fer to the purchaser the right to recover from the tenant of the land water rents accrued before the death of the ancestor who had owned the land, whose legal representatives were the only ones who could main- tain an action for the unpaid rents.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by William J. F. Lyons against Max Dorf. From a judg- ment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREEN- BAUM, JJ.

Spiro & Wasservogel, for appellant.
Wallace & Van Hoevenberg, for respondent.

GREENBAUM, J. A judgment for unpaid accrued water rents payable by the defendant as lessee under a lease was recovered against defendant by the plaintiff as assignee of the purchasers of the fee of the leased premises under a referee's sale in partition. Plaintiff's assignors merely obtained a referee's deed, which it may be assumed carried with it an assignment of an existing lease of said premises. There was no proof adduced that the plaintiff or his assignors had paid these arrearages, or had obligated themselves to pay them. It cannot be said that such assignment transferred any arrearages of rent or water rates payable by the tenant. Such past claims were personalty, and, as these claims had accrued prior to the death of the owner, from whom those holding title as heirs became entitled to maintain partition, it would seem that the legal representatives of the deceased or their assigns alone could maintain an action for their recovery.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.